IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| LOUIS DEFERMEAU | * | CIVIL ACTION NO. 05-1693 |
| VERSUS | * | JUDGE JAMES |
| ALBERTO GONZALEZ, ET AL. | * | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2241 (Document No. 1) filed by Petitioner, Louis Dufermeau ("Dufermeau"), on September 26, 2005. The Government has filed a response to Dufermeau's petition. (Document No. 13). For reasons stated below, it is recommended that Dufermeau's petition be **DISMISSED without prejudice.**

## BACKGROUND

Dufermeau, a native and citizen of Haiti, is no stranger to removal proceedings. On April 11, 1976, Dufermeau first entered the United States near Miami, Florida without inspection. During the mid-eighties, the United States Bureau of Immigration and Customs Enforcement ("ICE"), formerly the Immigration and Naturalization Service, ordered Dufermeau to appear at a show cause hearing and charged him as inadmissible for entering without inspection and excludable pursuant to sections 241(a)(2) and 241(a)(11) of the Immigration and Nationality Act, based upon an October 1986 conviction for conspiracy to possess cocaine with the intent to distribute. ICE successfully removed Dufermeau to Haiti on June 19, 1997, and warned him that he was prohibited from re-entering the United States.

Despite his previous deportation, Dufermeau re-entered the United States at an unknown time and place. After being detained again, a notice of intent to reinstate his prior removal order was issued on April 1, 2005. A warrant of removal and re-entry warnings were issued again on May 5, 2005. ICE reviewed Dufermeau's custody in December 2005, and concluded that

continued detention was appropriate based upon ongoing efforts to obtain travel documents and its belief that Dufermeau's removal to Haiti would be executed in the reasonably foreseeable future.

In the early fall of 2005, the United States Government agreed to suspend all removals to Haiti pending the completion of Haiti's presidential elections in October 2005. The October elections, however, were suspended because of fears of violence and civil unrest, and the elections were repeatedly postponed at one month intervals. Finally, on February 7, 2006, Haiti successfully held its presidential elections.

On September 26, 2005, Dufermeau filed this petition challenging his post-removal detention under the framework the United States Supreme Court established in *Zadvydas v. Davis*, 533 U.S. 678 (2001), claiming that the presumptively reasonable six-month detention period has expired and there is no significant likelihood of his removal in the reasonably foreseeable future.

## LAW AND ANALYSIS

In reviewing a petition for writ of habeas corpus by a detained alien who is subject to a final order of removal, a federal district court, pursuant to the authority of 28 U.S.C. §2241(c)(3), is to gauge whether a particular set of circumstances amounts to detention within, or beyond, a period reasonably necessary to secure removal. In *Zadvydas*[1], the Supreme Court held that 8 U.S.C. § 1231(a)(6), the post-removal-order detention statute, implicitly limits an immigrant's detention to a period reasonably necessary to bring about that immigrant's removal. *Id.* at 688-98. The Court, however, noted that the statute does not permit indefinite detention; the "reasonably necessary" detention period should be limited to six months after the removal order

---

[1] The Supreme Court recently extended its holding in *Zadvydas* to inadmissible aliens in *Clark v. Martinez*, 543 U.S. 371 (2005).

becomes final. *Id.* at 697-702. After that six month period expires, and the immigrant demonstrates that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must furnish sufficient rebuttal evidence. *Id.*

In this case, while the presumptively reasonable six-month detention period has indeed expired, Dufermeau has failed to demonstrate that there is no significant likelihood of his removal in the reasonably foreseeable future. The lapse of the presumptive detention period, by itself, does not mandate release, *see Zadvydas*, 533 U.S. at 701, and the petitioner must still give good reason to believe that his removal is unlikely in the foreseeable future. Here, the Government has stated that it is awaiting the resumption of repatriation flights to Haiti that were scheduled to begin shortly after Haiti's presidential elections. The presidential elections were successfully held on February 7th, and Rene Preval was declared president on February 17th. As reason for the suspension of repatriation flights has now ended, it is likely that repatriation flights will resume in the near future. Thus, because Dufermeau's removal is likely to occur within the reasonably foreseeable future, it is recommended that his petition be **DISMISSED without prejudice.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE**

**SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 27th day of February, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE